IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DIANA M. WORSLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No.  3:15cv664 (JAG-RCY) |
| | ) | |
| WARDEN JEFFREY N. DILLMAN, *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

REPORT & RECOMMENDATION
On Akeyia Pernell's Motion to Enforce the Settlement Agreement and the Motion for Relief by Jonathan Halperin of Halperin Law Group and Seth Carroll of the Commonwealth Law Group

This matter is before the court on a Motion to Enforce the Settlement Agreement from Akeyia Pernell (ECF No. 90) and a Motion for Relief by Jonathan Halperin of Halperin Law Group and Seth Carroll of the Commonwealth Law Group (ECF No. 92).  Having considered the Motions, and for the reasons discussed below, the Court RECOMMENDS that Akeyia Pernell's Motion to Enforce the Settlement Agreement (ECF No. 90) be GRANTED and RECOMMENDS that the Settlement Agreement be modified to allow Akeyia Pernell to receive the monthly payments mandated to occur until January 17, 2023 and that DeShanna Ford be appointed as the Joint Custodian.  The Court further RECOMMENDS that the Motion for Relief by Jonathan Halperin of Halperin Law Group and Seth Carroll of the Commonwealth Law Group (ECF No. 92) be DENIED as moot.

## I.     PROCEDURAL HISTORY

Plaintiff Diana M. Worsley ("Worsley"), acting as Administratix of the estate of decedent Samah Yellardy, filed an action for damages under 42 U.S.C. § 1983.  (Complaint, ECF No. 1.) On May 3, 2016, United States District Judge John A. Gibney referred this matter to the

1

undersigned for settlement. (ECF No. 31.) The undersigned conducted a settlement conference on September 12, 2016, where the parties participated in good faith but did not reach a resolution of this action. On October 6, 2016, the parties filed a Consent Motion to Stay Proceedings (ECF No. 77) and represented to the Court that the parties had reached a settlement of this matter. A guardian *ad litem*, Cassie Baudean Cunningham, was appointed to represent the interests of Samah Yellardy's minor beneficiary, Samiyah[1] Yellardy ("the minor" or Simiyah Yellardy). (ECF No. 80.) On November 3, 2016, the parties filed a Joint Motion for Settlement Approval. (ECF No. 82.) Judge Gibney held settlement approval hearings on November 17, 2016 (ECF No. 85) and on December 5, 2016 (ECF No. 87.) On January 5, 2017, Judge Gibney approved the settlement and dismissed this action with prejudice. (Order Approving Settlement, ECF No. 89.)

On August 15, 2019, the minor's mother, Akeyia Pernell ("Pernell"), filed a Motion to Enforce the Settlement Agreement. (ECF No. 90.) Judge Gibney referred Pernell's Motion to Enforce the Settlement Agreement and all subsequent issues related to enforcing the settlement agreement that may arise to the undersigned. (ECF No. 91.) Corizon Health, Inc. ("Corizon"), Worsley, and the former guardian *ad litem* Cassie Baudean Cunningham were ordered to submit briefing on the allegations raised in Pernell's Motion. (ECF No. 92.) In response, Jonathan Halperin of Halperin Law Center and Seth Carroll of Commonwealth Law Group filed a Motion for Relief, seeking to be relieved of representation of Worsley, arguing that their representation of Worsley in this matter ended when the action was dismissed pursuant to settlement in 2017. (ECF 93.) Worsley did not file a response to the Motion to Enforce the Settlement Agreement. Corizon Health, Inc. filed a response on September 3, 2019, "submit[ing] that [Corizon] has met its

---

[1] The minor, Samiyah Yellardy, has been alternatively referred to in various court documents as Samayah Yellardy. In this Report and Recommendation, the spelling Samiyah will be used, as it was used in the annuity documents, the guardian *ad litem* report, and by the minor's mother in her Motion to Enforce the Settlement Agreement.

2

obligations under the terms of the settlement agreement approved by this Court and therefore, has no position on the issues raised in the Motion." (ECF No. 94.) Pernell did not file an optional reply. The former guardian *ad litem* Cassie Baudean Cunningham did not file a response, and it came to the undersigned's attention that she was no longer practicing law.

Finding it necessary, on November 27, 2019 the Court appointed a new guardian *ad litem*, Huestis Pratt Cook, III, to represent the interests of the minor. (ECF No. 96.) The Court held a status conference on December 20, 2019 and requested that the guardian *ad litem* interview relevant parties and counsel and submit his findings to the Court by February 28, 2020. (ECF No. 102.) The Motion for Relief from representation of Worsley was stayed. (*Id*.)

## II.  BACKGROUND

Worsley pursued the underlying 42 U.S.C. §1983 action as the Plaintiff on behalf of the estate of Samah Yellardy, who died while in custody at the Powhatan Correctional Center. (Complaint, ECF No. 1.) Corizon and Plaintiff Worsley reached a monetary settlement. (Order Approving Settlement, ECF No. 89). The sole beneficiary of the settlement funds is Samah Yellardy's minor child, who was eleven years old at the time the settlement was reached. (Order Approving Settlement, ECF No. 89; Settlement Approval Hearing, Dec. 5, 2016, Transcript, ECF No. 97.)

The Order Approving Settlement incorporated terms of the settlement. (Order Approving Settlement, ECF No. 89.) Under the approved agreement, after attorneys' fees and other costs, the remainder of the settlement funds were to be paid to two different annuity companies. (*Id*.) A sum of $276,570.00 was designated for Pacific Life & Annuity Services, Inc. "Pacific Life," and $132,544.06 was designated for New York Life Insurance & Annuity Corporation. (*Id*.) Current payments are all through Pacific Life, while the payments through New York Life Insurance &

Annuity Corporation do not begin until 2028. (*Id*.) Corizon was required to purchase these two annuities. (*Id*.) Corizon claims they properly purchased the annuities (ECF No. 94), and no party has contended otherwise.

The settlement payments were arranged in a structured manner. (Order Approving Settlement, ECF No. 89.) The Pacific Life annuity includes "[m]onthly payments to Diana Worsley (as Custodian for Sam[i]yah Yellardy and for the benefit of Sam[i]yah Yellardy) of $500.00 per month payable for 6 years starting February 17, 2017, with the last guaranteed payment on January 17, 2023." (*Id*.) The $500.00 per month payments are the only payments from the settlement set to occur while Samiyah Yellardy is a minor. (*Id*.) Additional installments begin in 2023, which will be paid directly to Samiyah Yellardy as an adult. (*Id*.)

Prior to the Court's approval of the settlement, the Court heard evidence on the matter, and multiple forms of settlement were considered. (Settlement Approval Hearing, Dec. 5, 2016, Transcript, ECF No. 97; Order Approving Settlement, ECF No. 89.) At the December 5, 2016 hearing, Worsley and the minor's grandmother, Janice Yellardy, both spoke. (*Id*.) The grandmother and Worsley held different views on how the settlement funds should be structured. (*Id*. at 9-12.) When the Court asked Worsley "is the mother [Pernell] a responsible person?," Worsley responded "[y]es, she is." (*Id*. at 10-11.) Janice Yellardy, on the other hand, did not trust Pernell to receive money on behalf of the minor, and she felt that "[n]obody should receive this money or touch this money…but Sam[i]yah." (*Id*. at 11-12.) The final settlement agreement approved by the Court included $500.00 monthly payments made to Worsley until the minor begins to receive the installments directly. (Order Approving Settlement, ECF No. 89.) The then-guardian *ad litem*, Cassie Baudean Cunningham, believed the settlement to be "in the best interest of the minor beneficiary." (*Id*.)

### III.   PERNELL'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

Pernell claims that issues arose with Worsley receiving the monthly payments under the current settlement structure. Pernell's Motion for Enforcement of the Settlement Agreement alleges that "Ms. Worsley is never on time and consistant [sic] with the payments." (ECF No. 90.) Pernell explains that she has a job, so the money would not be her only source of income, but the money would help, including to potentially move the family to a new residence. (*Id.*) She states that she "just [does not] understand" why the payments are "going through a [third] party." (*Id.*)

### IV.   GUARDIAN *AD LITEM* FINDINGS

After the December 20, 2019 status conference, the undersigned requested that the guardian *ad litem*, H. Pratt Cook, III ("Cook" or "the guardian *ad litem*") submit an *ex parte* written report "present[ing] findings and mak[ing] a recommendation to the Court regarding potential changes to the $500 per month payment process, to ensure the monthly payments are being used for the benefit of the minor, Sam[i]yah Yellardy, as required by the Order Approving the Settlement." (ECF No. 102.) As part of the investigation for the report, Cook was to "interview Sam[i]yah Yellardy, Akeyia Pernell, Diana M. Worsley, and any other individuals that may be appropriate, to asses Sam[i]yah Yellardy's current living situation and how the $500 per month settlement fund payments are being managed." (*Id.*) Cook was further instructed to "interview counsel for Corizon Health, Inc. and counsel from Halperin Law Center LLC and Commonwealth Law Group regarding[,]…[w]hether a trustee was established, as discussed during the December 5, 2016 settlement approval hearing[,]…[w]hether a 'Joint Custodian' was chosen, as required by the Order approving the settlement[,]…[w]hether the annuities allow for changes to the payment structure or changes to who receives the $500 per month payments[,]…[and] [c]ounsel's understanding of any intended role of Akeyia Pernell in the management or indirect receipt of the

5

$500 per month payments." (*Id.*) (internal citations omitted). The report was designated as *ex parte* due to the subject matter relating to conditions of a minor child, and the report was submitted directly to chambers.

The guardian *ad litem* submitted his report as requested, providing findings in response to the undersigned's questions and explaining the current scheme with the monthly settlement proceeds. The primary recommendation from the guardian *ad litem* was that the Pacific Life annuity be modified to make Pernell the recipient of the $500.00 monthly payments, rather than Worsley. He found that, currently, the Pacific Life annuity payments are made into Worsley's checking account. Worsley withdraws the $500.00 and gives it to her adult son, Quantello Worsley, who then delivers the money to Pernell. This process has caused delays in Pernell receiving the payment. Pernell receives the payment on differing dates each month, and the payment is sometimes only a partial payment initially, with the remainder provided at a later date. Pernell is the one who makes the decisions about how the money will be spent on the minor. The one exception to this practice was that, with the first four payments, Worsley purchased dressers (furniture) for the minor.

As requested, the guardian *ad litem* interviewed counsel, and he found that counsel was in dispute regarding whether there was an intended role for Pernell in the management or indirect receipt of the $500.00 monthly payments. Pernell reports generally spending the money on personal expenses for Samiyah, including clothing, "fun" activities, and extracurriculars.

The guardian *ad litem* determined that a trust was not established as part of the settlement and rather the annuity structure constituted the entirety of the payment scheme. Worsley is the administrator of Samah Yellardy's estate and the current custodian of the monthly $500.00

settlement payments. Cook further concluded that a court order would be sufficient to alter the annuities to change who receives the monthly $500.00 payments.

Cook recommended that the $500.00 payments remain at the same amount, but be sent to Pernell directly, rather than Worsley. He also recommended some form of an annual accounting and/or trust arrangement, for added accountability to ensure that the funds are being spent as they should be.

The Order Approving Settlement also mentioned that a "Joint Custodian" for Samiyah Yellardy was to be "timely identified" by Worsley. (Order Approving Settlement, ECF No. 89.) This Joint Custodian would "receive, maintain, and distribute" the $500.00 per month payments "in the event that [Worsley] predeceases the full schedule of payments [ending in 2023] or otherwise becomes incapable of performing her custodial duties." However, the guardian *ad litem* ascertained that a Joint Custodian was never established. Currently, Worsley is the sole custodian. Pernell informed Cook that, if named the primary custodian/recipient of the funds, she would name her sister, DeShanna Ford, as the Joint Custodian.

## V. DISCUSSION

This Court has retained jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). In *Kokkonen*, the Supreme Court established that federal court ancillary jurisdiction exists to enforce a settlement agreement, *inter alia*, when "the order of dismissal…incorporat[es] the terms of the settlement agreement." *Id*. at 381. The Order Approving Settlement, issued by Judge Gibney on January 5, 2017, included key terms of the agreement, including the settlement amount, payment structure, use of annuities, and requirement of a Joint Custodian. (Order Approving Settlement, ECF No. 89.) A provision of the Order also required "[m]onthly payments to Diana Worsley (as Custodian

for Sam[i]yah Yellardy and *for the benefit of Sam[i]yah Yellardy*) of $500.00 per month payable for 6 years starting February 17, 2017, with the last guaranteed payment on January 17, 2023." (*Id*.) (emphasis added). "[A] breach of the agreement would be a violation of the order…" *Kokkonen*, 511 U.S. at 381. Therefore, this Court has jurisdiction to enforce the settlement agreement, including to ensure that the monthly payments are being used "for the benefit of Sam[i]yah Yellardy."

As reported by the guardian *ad litem*, under the current structure, the $500.00 monthly payments are being sent from the annuity company to Worsley, then sent from Worsley to Pernell, via Worsley's son. The current informal arrangement unnecessarily delays and complicates the process of the $500.00 monthly payments reaching Pernell, to then be accessible to be used for the minor's benefit. Pernell specifically alleged delays in the payments, and the guardian *ad litem* confirmed that delays have occurred. There is no indication that Worsley is playing an integral oversight role over Pernell's spending. Thus, if the funds are sent to Pernell directly, instead of transiting through Worsley, complication and delays will be decreased, without a sacrifice in how the funds are being utilized. The undersigned concludes that the funds will be best used "for the benefit of Sam[i]yah Yellardy" if the funds are sent directly from Pacific Life to Pernell. The undersigned further concludes that no annual accounting should be required, and no trust should be established. Pernell has already been *de facto* in charge of spending the $500.00 monthly payments—she simply has been receiving the payments indirectly. There have been no allegations of Pernell misusing the money. Since no Joint Custodian was ever established, Pernell's sister, DeShanna Ford, who Pernell indicated she would choose, should be appointed the Joint Custodian.

8

## VI. CONCLUSION

Having considered the Motion to Enforce the Settlement Agreement, the parties' responses, and the guardian *ad litem* report, and for the foregoing reasons, the Court RECOMMENDS that Akeyia Pernell's Motion to Enforce the Settlement Agreement (ECF No. 90) be GRANTED. Specifically, the undersigned RECOMMENDS that:

- The Settlement Agreement and the underlying annuity contract with Pacific Life & Annuity Services, Inc. be modified to allow Akeyia Pernell to receive the $500.00 monthly payments mandated to occur until January 17, 2023, rather than Diana Worsley, and to make DeShanna Ford the Joint Custodian; and

- Corizon Health, Inc. be required to transmit to Pacific Life & Annuity Services, Inc. the requested modifications to the annuity contract.

As to the Motion for Relief by Jonathan Halperin of Halperin Law Group and Seth Carroll of the Commonwealth Law Group (ECF No. 92), the Court RECOMMENDS that such Motion for Relief be DENIED as moot, since the disputed matters have been resolved.

The Clerk is DIRECTED to file this Report and Recommendation electronically and send a copy to all counsel of record, Akeyia Pernell, Diana Worsley, Huestis Pratt Cook, III, and to the Honorable John A. Gibney, United States District Judge.

## VII. NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar**

**you from attacking on appeal those findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.**

Richmond, Virginia
Date: May 28, 2020

/s/
Roderick C. Young
United States Magistrate Judge